UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-24302-CIV-MORENO

EUGENIA TYNES,

    Plaintiff,

vs.

TARGET CORPORATION and JOHN DOE,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND AND REQUIRING ANSWER

THIS CAUSE came before the Court upon the plaintiff's Motion to Remand to State Court (**D.E. No. 6**), filed on **January 2, 2013**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. This is a slip-and-fall case in which the plaintiff, Eugenia Tynes, has sued Target Corporation and an unnamed employee, "John Doe." Tynes alleges that she was injured as a result of a fall inside a Miami Target store. The case was originally filed in state court. It was removed by the defendant, who timely filed the removal status report. The grounds for removal are based upon diversity of citizenship and the amount in controversy, which the plaintiff admits is over $75,000. Given that Plaintiff is a citizen of Florida, Target is a citizen of Minnesota, and "John Doe's" citizenship is disregarded as a fictitious defendant, there is the requisite diversity of citizenship between the parties to establish jurisdiction under 28 U.S.C. §1332. *See* 28 U.S.C. §1441(b)(1).

The plaintiff argues that removal is improper, and has moved for the case to be remanded. Tynes claims that she has identified through discovery the identity of defendant "John Doe"--Target employee Wilbert A. Hernandez--and claims that he is a resident of Miami-Dade County. Accordingly, the plaintiff argues, complete diversity is not present and the case must be remanded to state court.

## Discussion

A defendant seeking to remove a case to federal court based on diversity jurisdiction must show that: (1) the parties are in complete diversity; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§1332(a), (c). As stated, that the amount in controversy requirement has been met is not contested; only the "complete diversity" requirement is at issue here.

The defendant is right to point out that the plaintiff's failure to seek leave to amend the complaint gives the court little choice in disregarding Tynes' "incomplete diversity" argument. In order to have Hernandez added as a party-defendant, Plaintiff should have filed a motion to amend her Complaint and obtained an order from this Court permitting her to do so. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff apparently intends "to amend her Amended Complaint by Interlineation" "[u]pon remand of this case back to state Court[.]" Plaintiff Tynes asks the Court to remand the case as if Miami-Dade resident Wilbert A. Hernandez had already been named as a defendant.

In determining the existence of federal jurisdiction, the Court considers the complaint as it existed at the time the petition of removal was filed. *See Landmark Tower Associates v. First National Bank of Chicago*, 439 F.Supp. 195 (S.D.Fla.1977). Thus, the Court must base its removability determination on the Complaint listing only "John Doe" as a second defendant. As

previously stated, the citizenship of "John Doe" is to be disregarded for purposes of the Motion to Remand. 28 U.S.C. §1441(b)(1).

As for whether the Court should nevertheless permit Tynes to amend the complaint by adding a non-diverse defendant, it must consider whether or not the proposed joinder would be fraudulent. *See, e.g. Nebular Glass Int'l, Inc. v. Reichhold, Inc.*, No. 02-cv-60703, 2002 WL 33928919, at *2 (S.D. Fla. 2002)(citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)). The doctrine of "fraudulent joinder" provides an exception to the requirement of complete diversity in three instances: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota , Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The plaintiff's attempt to name Wilbert A. Hernandez seems to fall into the first category. Under Florida law there is little possibility that the plaintiff can prove a cause of action in negligence, the only claim pleaded at the time of removal, against the individual Target employee. Florida courts have held that a store manager, or other agent or employee of a corporation acting within the course and scope of their employment, may not be held individually liable in tort unless the complaining party first alleges and proves that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *See Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363 (Fla. 4th DCA 1981).A corporate agent or employee may not "be held personally liable 'simply because of his general administrative

responsibility or performance of some function of his employment'– he or she must be actively negligent." *Id.* (quoting *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989).

The plaintiff has failed to allege that any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. Where a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction "a district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). In those instances, a federal court may then appropriately assert its removal diversity jurisdiction over the case. *Id. See also Brown v. Sunrise Senior Living Servs. Inc.*, 2009 WL 2430900 (S.D. Fla. 2009)("A non-diverse party who is fraudulently joined does not destroy diversity."). Accordingly, it is

**ADJUDGED** that the plaintiff's Motion to Remand is DENIED. It is further

**ADJUDGED** that Defendant Target will file an answer to the Complaint by no later than **April 12, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of March, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record